UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES POWELL,

                                       Plaintiff,                  1:18-CV-1166
                                                                          (MAD/CFH)

      v.

SARATOGA COUNTY,

                                         Defendant.

---

**APPEARANCES:**

James Powell
43516
Saratoga County Jail
6010 County Farm Road
Ballston Spa, New York 12020
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis Application

Plaintiff pro se James Powell commenced this action on September 26, 2018 with the filing of a complaint, and, in lieu of this Court's filing fee, an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1 ("Compl."), 6. After reviewing plaintiff's IFP application, the Court concludes that plaintiff financially qualifies to proceed IFP. Dkt. No. 6. Plaintiff is advised that despite being granted IFP status, he will still be required to pay for any costs or fees he may incur in this matter, such as copying fees

or witness fees. Id.

## II. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider his claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to

2

include:

> (1) a short and plain statement of the grounds for
> the court's jurisdiction . . .;
> (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42

(2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Plaintiff's Complaint

Plaintiff completes his complaint on a section 1983 form, purporting to commence this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Compl. Plaintiff contends that on May 10, 2018, a police officer filed a complaint against him and arrested him. Id. at 2. Plaintiff states that he "was in Saratoga County on work detail when this complaint was filed against me." Id. at 3. Plaintiff was brought to Court on May 24, 2018, where "it was brought to the courts [sic] attention, that I am a fugitive from Justice the ADA was faxed a copy of my pre-signed extradition papers." Id. at 2. Plaintiff informed his court-appointed attorney that he wanted to be extradited to the requesting state, Arkansas, "within a reasonable time set forth by the Uniform

4

Criminal Extradition Act: 18 U.S.C. § 3182." Id. at 2-3. Plaintiff's court-appointed attorney told him that "New York doesn't allow such action and that I wouldn't be allowed to return to Arkansas until New York is finished with me, no matter how long it takes." Id. at 3.

On September 5, 2018, a preliminary hearing was held "for the alleged complaint." Compl. at 3. Plaintiff filed "a motion with the courts requesting I be delivered to the demanding state," but the motion was denied and a bond was set "of $20,000 cash $40,000 bond." Id. Plaintiff states the motion was denied on September 5, 2018. Id. Plaintiff contends that he has been incarcerated for 116 days with bond and 140 days total as of the date of his complaint. Id. Plaintiff provides that he appeared before Judge McCabe in the Town of Moreau Court. Id.

Plaintiff contends that the "ADA stated that the open complaint has precedence [sic] over the uniform extradition act and that I should be made to stay in New York until this County of Saratoga is finished with me and also that I should have to sign another waiver of extradition before I'm extradited." Compl. at 3. Plaintiff further contends that the refusal to be extradited to Arkansas "hurts my defense in my parole hearing in the demanding state," "causes a certain stress that makes me feel kidnapped [sic] with my rights being taken and forced to remain incarcerated with an unreasonable bond for 116 day and now with no bond," "loss of my automobile, loss of my job . . . , lack of my support to my family and children, lost [sic] of assets and other materials that are conducive to my well-being and life, lost [sic] of business opportunities." Compl. at 4. Plaintiff requests injunctive relief – "to be sent home to my demanding State (Arkansas)

5

– and monetary relief – "a monitary [sic] reward of $80,000." Id. at 5.

## IV. Review of Complaint

Plaintiff's complaint must fail. First, plaintiff appears to attempt to bring this action pursuant to section 1983. However, section 1983 is limited to actions seeking violations of one's civil rights from those acting under the color of state law. Plaintiff's complaint fails to explain how "Saratoga County" violated a constitutional right by declining to extradite him to Arkansas, and the Court cannot ascertain any right that would be violated by this denial.

Arguably, the case would be more properly brought as a petition for habeas corpus or a writ of mandamus.

Regardless, plaintiff has not demonstrated that he has exhausted his state court remedies. He indicates that "Judge McCabe" of the "Town of Moreau Court" denied his request to be extradited, but he does not indicate whether he sought an appeal of that denial. Thus, plaintiff would have to demonstrate exhaustion in the state courts before bringing this proceeding. "Since Petitioner has state-court remedies available to him, there is no basis to conclude that there is an "absence of available State corrective process" and/or that circumstances exist that render that state corrective process ineffective to protect his rights." Dr. Pat McPherron v. State of New York, No. 9:16-CV-1010 (FJS), 2016 WL 4523933, at *3 (N.D.N.Y. Aug. 22, 2016) (quoting 28 U.S.C. § 2254(b)(1)(B)(i), (ii); see also Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000)).

Furthermore, this Court does not have subject-matter jurisdiction to review a state or county court decision. "The Rooker–Feldman doctrine prohibits federal jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Kaminski v. Comm'r of Oneida Cty. Dep't of Soc. Servs., 804 F. Supp. 2d 100, 105 (N.D.N.Y. 2011) (quoting Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "District courts have only original jurisdiction, and cannot reverse or modify the judgment of a state court." Id.

> For the Rooker-Feldman doctrine to apply, a claim must meet four requirements: First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the proceeding in parallel with ongoing state-court litigation.

Id. at 105-06 (quoting Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Here, plaintiff contends that his motion was denied in state court, he contends that as a result of that denial, he suffers injury; he seeks this Court's review of that state court denial; and that judgment appears to have been rendered before he commenced an action in this Court.

Moreover, it is not clear if plaintiff has standing to seek extradition. Plaintiff appears to contend that he has the ability to seek to enforce extradition pursuant to

7

the federal Uniform Criminal Extradition Act, 18 U.S.C. 3182.[1]  Compl. at 3.  That statute also does not appear to allow for a private right of action to enforce an extradition, rather than oppose it.  Although the Court is not aware of any Court that has addressed this exact issue, some courts that have reviewed the broader question whether the Uniform Criminal Extradition Act is intended to safeguard the "fugitive" or the state.

One Court addressing whether federal jurisdiction exists to review a claim challenging extradition stated:

> The federal constitutional privileges for extradition and the federal statutes implementing them are not intended primarily to safeguard the fugitive from justice, but rather to facilitate the discovery and bringing to speedy trail of fugitives from justice by the States.  It has been held that the rights granted under the federal provisions for extradition are granted to the states rather than to the fugitives who might the subject of extradition.

Johnson v. Buie, 312 F. Supp. 1349, 1350-51 (W.D. Mo. 1970) (internal citations omitted).  Other courts have concluded that the Act does not exist solely for the benefit of the state, and does afford certain protections to the fugitive. See, e.g., U.S. v. Pennsylvania State Police, 548 F.Supp. 9, 14 (E.D. Pa. 1982) (concluding and citing

---

[1] "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

18 U.S.C.A. § 3182 (West).

cases which hold that "federal or state extradition procedures are enacted, at least in part, for the benefit of the fugitive so that individual rights are, indeed, guaranteed."). However, the individual rights relating to extradition relate to challenging the execution of extradition, not independent seeking to enforce it. Id. (citing cases). Here, plaintiff is attempting to seek extradition, not to block extradition. Ultimately, collective review of case law suggests that extradition laws exist, even if not exclusively, primarily for the benefit of the state. Thus, the undersigned is of the understanding that plaintiff does not have standing to seek extradition to Arkansas.

Insofar as plaintiff's claim could potentially arise under state law, although the Uniform Criminal Extradition Act, N.Y. Crim. Proc. Law § 570.02 et seq., "contains a provision allowing individuals to challenge the legality of extradition proceedings brought against them by means of a New York State habeas corpus petition filed pursuant to Article 70 of the Civil Practice Laws and Rules," Dr. Pat McPherron v. State of New York, 9:16-CV-1010 (FJS), 2016 WL 4523933, at *2 (N.D.N.Y. Apr. 18, 2014),[2] it does not appear that such statute permits an individual to enforce an extradition, rather than challenge its application. Thus, similarly to the undersigned's conclusion regarding the federal statute, the undersigned is of the opinion that plaintiff does not have standing to seek to enforce extradition under state law.

Ultimately, the undersigned recommends that plaintiff's complaint be dismissed. Generally, the Second Circuit has held that a Court should hesitate to sua sponte

---

[2] Unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

9

dismiss a pro se complaint without providing the plaintiff an opportunity to amend, Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993).  Despite the undersigned's belief, based on the review of the current complaint, that plaintiff is unable to state a cause of action and that amendment would likely be futile, because it is arguably possible that an amended complaint clarify plaintiff's claims and potentially raise one over which this Court may have jurisdiction, it is recommended that plaintiff be provided one opportunity to amend his complaint in an attempt to cure the defects identified herein.   Plaintiff is advised that, if he chooses to file an amended complaint, an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."  International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all facts, allegations, and legal theory on which he intends to rely and must be able to stand alone as the sole complaint in this action.

## V. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Dkt. No. 6) be **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED**, without prejudice,

and with opportunity to amend should plaintiff wish to attempt to cure the defects identified herein, and it is further

**RECOMMENDED**, that, if the District Judge permits plaintiff to amend his complaint, any amended complaint must be filed within thirty (30) days of the District Judge's order adopting this Report-Recommendation and Order, and that should plaintiff file such amended complaint, the Clerk of the Court return this case to the Magistrate Judge for further review.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[3]

**IT IS SO ORDERED**.

Dated: December 3, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

11