UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES POWELL,

        **Plaintiff,**

 vs.               1:18-CV-1166
                     (MAD/CFH)
SARATOGA COUNTY,

        **Defendant.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**JAMES POWELL**
43516
Saratoga County Jail
6010 County Farm Road
Ballston Spa, New York 12020
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

  Plaintiff James Powell, acting *pro se*, commenced this action by filing a "Civil Rights Complaint Pursuant To 42 U.S.C. § 1983." *See* Dkt. No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*.[1] *See* Dkt. No. 6. Plaintiff's motion was ultimately granted. *See* Dkt. No. 9 at 10.

  In his complaint, Plaintiff alleges that on May 10, 2018, he was arrested in Saratoga County. *See* Dkt. No. 1 at 2 & 3. On May 24, 2018, "it was brought to the [town] court's attention that" Plaintiff was a "fugitive from justice" and Arkansas was demanding Plaintiff be

---

[1] Plaintiff originally filed this motion on the date he filed his complaint. *See* Dkt. No. 2. The Court denied Plaintiff's first motion because his *in forma pauperis* application was incomplete. *See* Dkt. No. 5. Plaintiff then filed a subsequent motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 6.

extradited. *See id.* at 2. Plaintiff filed a motion with the town court requesting extradition. *See id.* at 3. The motion was denied and Plaintiff was remanded. *See id.* Plaintiff now requests "to be sent home to [his] demanding State (Arkansas) And a monitary [sic] reward of $80,000."

In a December 3, 2018 Report-Recommendation and Order, Magistrate Judge Christian F. Hummel found that the complaint failed to state a claim on which relief may be granted and recommended the complaint be dismissed without prejudice. *See* Dkt. No. 9 at 6 & 10; *see also* 28 U.S.C. § 1915(e)(2)(B) (stating that the district courts may *sua sponte* dismiss a complaint made *in forma pauperis* if it fails to state a claim for relief). Neither party has filed objections to Magistrate Judge Hummel's recommendation. *See* FED. R. CIV. P. 72(b)(2).[2]

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

---

[2] Although neither party objected to the Report-Recommendation and Order, in a letter received on March 15, 2019, Plaintiff claims that he is unable to litigate this matter because on February 11, 2019, all of his legal material and other personal belongings were disposed of by the staff members at the Saratoga Correctional Facility. *See* Dkt. No. 11. As such, he seeks assistance in proceeding with this matter. *See id.* Because the Court is permitting Plaintiff an opportunity to amend his complaint, Plaintiff's letter request is denied without prejudice.

Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. Proc. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. Proc. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen* 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

4

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's complaint without prejudice. Plaintiff's complaint appears to ask this Court to review a state court's decision. Such an action, however, is barred by the *Rooker-Feldman* doctrine. *See Kaminski v. Comm'r of Oneida Cty. Dep't of Soc. Servs.*, 804 F. Supp. 2d 100, 105-06 (N.D.N.Y. 2011) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

Moreover, as Magistrate Judge Hummel correctly determined, Plaintiff does not have standing to force his extradition because 18 U.S.C. § 3182 does not provide for a private right of action. *See Johnson v. Buie*, 312 F. Supp. 1349, 1350-51 (W.D. Mo. 1970). Similarly, Magistrate Judge Hummel also correctly determined that, insofar as Plaintiff claims that he is entitled to relief under N.Y. Crim. Proc. Law § 570.02, that statute does not appear to permit individuals to enforce an extradition.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** Plaintiff's Complaint is **DISMISSED without prejudice**; and the Court further

5

**ORDERS** that any amended complaint must be filed within thirty (30) days of the filing of this Order; and the Court further

**ORDERS** that should Plaintiff file such amended complaint, the Clerk of the Court shall return this case to Magistrate Judge Hummel for further review; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the filing of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from the Court; and the Court further

**ORDERS** that Plaintiff's letter request (Dkt. No. 11) is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge